Roman RESURRECCION, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–73708.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2014.

Filed May 20, 2014.

John Martin Pope, Pope & Associates,
PC, Phoenix, AZ, for Petitioner.

Oil, Jeffrey Bernstein, Senior Litigation
Counsel, U.S. Department of Justice,
Washington, DC, Chief Counsel Ice, Office
of the Chief Counsel Department of Home-
land Security, San Francisco, CA, for Re-
spondent.

Before: SCHROEDER, LIPEZ *, and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Roman Resurreccion, a native and citi-
zen of the Philippines, challenges a deci-
sion of the Board of Immigration Appeals
("BIA") finding him removable as an ag-
gravated felon. *See* 8 U.S.C.
§ 1227(a)(2)(A)(iii). Petitioner Resurrec-
cion claims that the doctrine of res judica-
ta barred the resumption of his deporta-
tion proceedings after an Immigration
Judge ("IJ") entered a termination order,
and he asserts that the subsequently en-
tered removal order must therefore be
vacated.

Petitioner's argument is unavailing.
The IJ ordered proceedings terminated on
February 3, 2009. That order was not yet
final when the Department of Homeland
Security filed new charges two days later,
on February 5, because the agency had
reserved its right to appeal, and it had
thirty days to decide whether to do so.
*See* 8 C.F.R. § 1003.39 (stating that, "[e]x-
cept when certified to the Board, the deci-
sion of the Immigration Judge becomes
final upon waiver of appeal or upon expira-
tion of the time to appeal if no appeal is
taken[,] whichever occurs first"). As not-
ed by the BIA, an agency regulation per-
mits additional charges to be brought at
"any time" during deportation or removal
proceedings. 8 C.F.R. § 1003.30.*** The
Board's view that "any time" includes the
period during which a party is contemplat-
ing whether to move forward with a re-
served appeal is not unreasonable and,
hence, is entitled to our deference. *See
Lezama–Garcia v. Holder,* 666 F.3d 518,
525 (9th Cir.2011). Because the charges at
issue here were thus brought "during the
pendency of immigration proceedings,"
*Bravo–Pedroza v. Gonzales,* 475 F.3d 1358,
1360 (9th Cir.2007) (emphasis omitted),
they were not barred by res judicata.

The petition is therefore **DENIED.**

---

\* The Honorable Kermit Lipez of the United
 States Court of Appeals for the First Circuit,
 sitting by designation.

\*\* This disposition is not appropriate for publi-
 cation and is not precedent except as provid-
 ed by 9th Cir. R. 36–3.

\*\*\* We recognize that the February 5 charges
 were alleged in a new Notice to Appear
("NTA") rather than in a Form I–261, which
would have been the proper way to add addi-
tional charges to preexisting proceedings. In
the circumstances of this case, we decline to
second guess the BIA's decision to allow the
charges to be filed through an NTA.